THOMAS H. CLARK *et al.*, plaintiffs in error, *vs.* HERRING & MOCK, defendants in error.

A bill praying for an injunction was presented to the Judge for his sanction, and a rule *nisi* was granted, calling upon the defendants to show cause, on the day therein named, why the injunction should not be granted, which was duly served on the defendants, but they failed to appear and show cause on the day named by the Judge, and afterward the Judge granted the injunction. Whereupon the defendants, by their counsel, petitioned the Judge to suspend his order granting the injunction, which was refused, and the defendants excepted.

*Held,* That there was no error in the refusal of the Judge to grant the petition to suspend his order granting the injunction, on the statement of facts contained in the record ; that their remedy was to move a dissolution of the injunction in manner prescribed by law in such cases, if they desired to get rid of it.

Clark *et al. vs.* Mock.

Equity Practice.     Injunction.     Before Judge STROZER.
Dougherty Superior Court.     Chambers.     December, 1870.

Herring & Mock filed a bill for injunction against R. H.
and M. J. Towns, administrators of A. J. Towns, deceased,
B. A. Collier and Thomas H. Clark.   On the 6th of Octo-
ber, 1870, Judge Clark ordered the defendant's to show cause,
*instanter*, before him, in Chambers, why this injunction
should not be granted.   This order was not served.   Said
county, *ad interim*, became part of the Albany circuit.   On
the 19th of November, 1870, Judge Strozer ordered the de-
fendants to be served with a copy of the bill, and that they
show cause, before him, in Chambers, on the 26th of Nov-
ember, 1870, why the injunction should not issue.   Collier,
Clark, and one of the administrators, acknowledged service
and waived a copy on the 21st of November, 1870.   The
other administrator was not served.

No appearance was made on the 26th of November, by
either side.   On the 2d of December, 1870, no answer had
been filed, nor any appearance made by defendants, and the
Judge ordered the injunction to issue as prayed for.   Its op-
eration was to prevent Clark, who was sub-lessee under Col-
lier, from keeping a bar in a hotel in which complainants
claimed an exclusive right to do so, by virtue of a contract
with A. J. Towns, who owned the hotel and had leased a
bar-room in it to complainants for five years.

This injunction issued, and was served on the 3d of De-
cember.   On the same day, the defendants appeared in the
Judge's Chambers and asked him to suspend said order, upon
their verified showing, as follows: They acknowledged ser-
vice to accommodate the Clerk, supposing they had to answer
the bill at the next term of the Court, (which was to sit on
the 5th of December, 1870,) and the counsel whom they
wished to employ was absent from home; they knew nothing
of any intended action in the premises till they were served
with said order.   No appearance was had on the 26th of

November; the complainants only appeared on the 2d of December, and the proceeding was wholly *ex parte.* They further denied the fact of the making of the pretended contract with A. J. Towns, on which the bill was bottomed, and attacked its validity, in law, if made as alleged. Judge Strozer refused to suspend the injunction, and that refusal is assigned as error.

VASON & DAVIS, by R. H. CLARK, for plaintiffs in error.

D. H. POPE, by Z. D. HARRISON, for defendants.

WARNER, J.

There was no error in the refusal of the Judge below to grant the petition to suspend his order granting the injunction, on the statement of facts disclosed by the record in this case; the proper course for the defendants to have taken, was to move for a dissolution of the injunction in the manner prescribed by law in such cases, if they desired to get rid of it.

Let the judgment of the Court below be affirmed.